The document below is hereby signed.

Signed: August 20, 2018



_S. Martin Teel Jr._

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                        )
                             )
WILLIAM MCKINNEY,            )   Case No. 15-00309
                             )   (Chapter 7)
            Debtor.          )   **For Publication in West's**
                             )   **Bankruptcy Reporter**

<u>MEMORANDUM DECISION AND ORDER RE MOTION TO REOPEN</u>

The clerk closed this case on September 29, 2015, without the debtor receiving a discharge.  On July 18, 2018, nearly two years and ten months after the closing of the case, the debtor filed a motion requesting the court to reopen this case and grant him a discharge.

I

Pursuant to 11 U.S.C. § 727(a)(11), in order to obtain a discharge, the debtor was required "to complete an instructional course concerning personal financial management described in section 111[.]"  Under Fed. R. Bankr. P. 1007(b)(7)(A), the debtor was required to file "a statement of completion of the course, prepared as prescribed by the appropriate Official Form" unless the provider of the course filed a certificate of

completion of the course.  No provider filed such a certificate in this case, and thus the debtor was required to file a Rule 1007(b)(7)(A) statement if the debtor was to obtain a discharge.

The deadline under Fed. R. Bankr. P. 1007(c) to file the required statement was September 8, 2015.  On June 8, 2015, the clerk issued a notice of that deadline to the debtor and the debtor's attorney.  However, the debtor failed to file the required statement by the deadline of September 8, 2015.

Under Fed. R. Bankr. P. 4004(c)(1)(H), the clerk could not grant the debtor a discharge before closing the case without the debtor first filing the required Rule 1007(b)(7) statement. Therefore, on September 9, 2015, the clerk issued a *Notice That Case May be Closed Without Discharge*, a form of notice approved by the court for use, alerting the debtor and the debtor's attorney that the original deadline had passed without the required statement being filed.  The *Notice* stated, in part:

> ***Accordingly, notice is hereby given that the court will close this case without the entry of the discharge unless the Certification of Completion of Instructional Course Concerning Personal Financial Management (Official Form 23) (or notification by an approved provider of completion of the required course) is filed within fourteen (14) days of the entry of this notice.***

2

Dkt. No. 15 (emphasis in original).[1]  The debtor failed to file the required statement by the new deadline of September 23, 2015, set by the *Notice* and failed to respond in any other manner.  By the expiration of that deadline, the case was ready to close as no one had timely filed an objection under Fed. R. Bankr. P. 5009(a) to the trustee's final report certifying that the estate had been fully administered.  In due course, on September 29, 2015, the clerk examined the case and entered an *Order Closing*

---

[1]  By giving notice that the case would be closed without entry of a discharge if the debtor failed to comply with the new deadline for Rule 1007(b)(7)(A) compliance, the *Notice* fulfilled the clerk's obligation under Fed. R. Bankr. P. 5009(b), which provides:

> If an individual debtor in a chapter 7 or 13 case is required to file a statement under Rule 1007(b)(7) and fails to do so within 45 days after the first date set for the meeting of creditors under § 341(a) of the Code, the clerk shall promptly notify the debtor that the case will be closed without entry of a discharge unless the required statement is filed within the applicable time limit under Rule 1007(c).

*Case Without Discharge*.[2]  Pursuant to Fed. R. Bankr. P. 4006,

notice was given to all parties in interest that the case had

been closed without a discharge being entered.[3]  In the *Order*

*Closing Case Without Entry of Discharge* that was transmitted to

the debtor, the debtor was notified that if he desired a

discharge he would need to file a motion to reopen the case, pay

the full filing fee for reopening the case, and file the required

certificate of completion of a financial management course.

After the closing of the case, two years elapsed before the

debtor completed the required course.  On July 18, 2018, eight

months after completion of the course on November 14, 2017, and

two years and nine months after the case was closed on September

---

[2]  Under Rule 1007(c), "[t]he court may, at any time in its
discretion, enlarge the time to file the statement required by
subdivision (b)(7)."  As a practical matter, if the debtor had
submitted the required statement for filing after that 14-day
period expired but at any time prior to the closing of the case
on September 29, 2018, the court would have exercised discretion
under Rule 1007(c) to extend the deadline for filing to allow it
to be filed, and would have entered a discharge prior to closing
the debtor's case.  The automatic stay of 11 U.S.C. § 362(a)
barred collection efforts against the debtor prior to the closing
of the case and the automatic stay expired when the case was
closed without entry of a discharge.  Had the debtor filed the
required statement and received a discharge prior to the closing
of the case, creditors would not have acted in reliance on the
lack of a discharge prior to the closing of the case.

[3]  Specifically, on September 29, 2015, the court's
electronic case filing system gave the chapter 7 trustee, the
United States Trustee, and the debtor's attorney, as e-filers,
immediate e-notification of the *Order*, and on October 1, 2015,
the Bankruptcy Noticing Center transmitted the *Order* to the
debtor and creditors.

29, 2015, the debtor filed the motion to reopen the case.  The

debtor's motion recites:

> On November 14, 2017, debtor completed the required
> education course and was told that the company would
> notify Counsel.  Accordingly, debtor assumed that he was
> not required to do anything further.   Unfortunately
> counsel received no notification that debtor completed
> the course.   Moreover, upon debtor learning what
> happened, and even after the case was closed, he was once
> again incorrectly told that the certificate was available
> on the provider's website.  After realizing that this was
> not the case, debtor obtained another copy of the
> certificate and forwarded it to counsel for filing with
> the Court.

The motion requests that the case be reopened so that the debtor

can file a certificate evidencing that he completed the required

course and "in turn receive a discharge."

The motion does not include a Rule 1007(b)(7)(A) statement

utilizing the required form, Official Form B 423 (previously

Official Form B 23).  Instead, it only includes a certificate

issued by BE Adviser, LLC, reciting that the debtor "completed a

course on personal financial management given by internet by BE

Adviser, LLC, a provider approved pursuant to 11 U.S.C. § 111 to

provide an instructional course concerning personal financial

management in the <u>District of Maryland</u>" on November 14, 2017.[4]

Without the debtor filing a Rule 1007(b)(7)(A) statement using

Official Form B 423 (or the provider of the course filing a

certificate of completion of the course), Fed. R. Bankr. P.

1007(b)(7) and 4004(c)(1)(H) bar the clerk from granting the

debtor a discharge.

II

Under 11 U.S.C. § 350(b), the court may reopen a closed case

"to administer assets, to accord relief to the debtor, or for

other cause."  In filing his motion to reopen, the debtor seeks

to obtain a discharge.  Thus, the motion is one to reopen the

case "to accord relief to the debtor" within the meaning of

§ 350(b).  *See In re Knight*, 349 B.R. 681, 685 (Bankr. D. Idaho

2006).  However, the court's decision to grant a motion to reopen

is discretionary.  *Hawkins v. Landmark Finance Co. (In re

Hawkins)*, 727 F.2d 324 (4th Cir. 1984) (finding that the

bankruptcy court had not abused its discretion in denying the

debtor's motion to reopen a case to allow the debtor to pursue a

motion to avoid a lien where, even though no statues or rules

---

[4]  Dkt. No. 20, at 7 (emphasis in original).  According to
the website of the Executive Office of United States Trustees, BE
Adviser, LLC is an approved provider of personal financial
management instructional courses pursuant to 11 U.S.C. § 111 for
bankruptcy cases in the District of Columbia.  I need not address
at this juncture the impact of the certificate's reference to BE
Adviser, LLC being an approved provider of the required course
"in the District of Maryland" rather than "in the District of
Columbia."

established a deadline for the pursuit of such a motion, the
lienor had incurred expenses in instituting foreclosure
proceedings and therefore would be prejudiced by the reopening of
the case).  For example, a motion to reopen a case can be denied
if the defense of laches applies[5] or if for any other reason
cause does not exist to grant an enlargement of time to file a
Rule 1007(b)(7)(A) statement.

III

The court cannot grant the debtor's motion to reopen his
case due to several deficiencies, addressed below.  The debtor
will be allowed 21 days to amend his motion to reopen in an
attempt to cure its deficiencies.  If the debtor does not amend
the motion within 21 days, I will deny the motion to reopen in
light of the uncured deficiencies.  If the debtor amends his
motion to correct these deficiencies, I will consider the merits
of the motion.

---

[5]  *See In re Meaney*, 397 B.R. 390, 394 (Bankr. N.D. Ill.
2008) (ruling that, while motions to reopen under § 350(b) are
exempt from the one-year limitation of Fed. R. Bankr. P. 9024(1)
(incorporating Fed. R. Civ. P. 60(b)), laches may be raised as a
defense to a motion to reopen a case to belatedly file a
statement of completion of a course in financial management).
"The elements of laches are: (1) an unreasonable delay by one
party in asserting its right or remedy; and (2) prejudice to the
other party as a result of the delay.  31 *Williston on Contracts*
§ 79:11 (4th ed.)."  *Id.* at 395.

### A.   Failure to File a Statement of Completion of the Required Course Utilizing Official Form B 423

Because no provider filed a certificate of completion of the required course, Fed. R. Bankr. P. 1007(b)(7)(A) required the debtor to file "a statement of completion of the course, prepared as prescribed by the appropriate Official Form[.]"  The debtor's motion to reopen does not include a statement utilizing the required form, Official Form B 423.  However, this defect readily could be cured by the debtor's filing one as a supplement to his motion to reopen.

### B.   Failure to File a Motion to Extend the of the Deadline to File an Official Form B 423

To obtain a discharge after a case has been closed, the debtor necessarily must obtain an extension of the Rule 1007(c) deadline for filing Official Form B 423 (formerly Form B 23) as required by Rule 1007(b)(7)(A).  *See In re Dingman*, No. 07-10829, 2008 WL 755279, at *2 (Bankr. D. Vt. Mar. 19, 2008); *In re Hassett*, 341 B.R. 832, 833 n.1 (Bankr. E.D. Va. 2006).  The debtor's motion to reopen fails to request leave to file a Rule 1007(b)(7)(A) statement after expiration of the applicable deadline.

The content of the debtor's motion to reopen suggests that the debtor failed to appreciate that at this juncture, more than two years after the closing of his case, if the debtor seeks to obtain a discharge, he must show cause why the court ought to

8

enlarge the deadline for the debtor to file a Rule 1007(b)(7)(A) statement.  The debtor's motion failed to include an express request to enlarge the time to file a Rule 1007(b)(7)(A) statement and failed to in any way address the issue of cause for allowing the untimely filing of the Rule 1007(B)(7)(A) statement.

Although I could deny the motion to reopen based on the debtor's failure to expressly request an enlargement of the time to file a Rule 1007(b)(7)(A) statement, *see In re Dingman*, 2008 WL 755279, at *2, the debtor has already paid the fee for filing a motion to reopen and the debtor would incur another fee if the debtor were to file a new motion to reopen that includes such a request.  Therefore, I will allow the debtor 21 days to supplement his motion to reopen by filing with it a motion to enlarge the time to file a Rule 1007(b)(7)(A) statement, addressing the issue of cause for the court to grant that motion.

> **1.    Generally No Motion is Required Before the Court Grants an Extension of the Deadline for Filing a Rule 1007(b)(7)(A) Statement but a Motion is Necessary in Cases of Extreme Delay.**

Rule 1007(c) provides in relevant part:

> In a chapter 7 case, the debtor shall file the statement required by subdivision (b)(7) within 60 days after the first date set for the meeting of creditors under § 341 of the Code . . . .  The court may, at any time and in its discretion, enlarge the time to file the statement required by subdivision (b)(7). . . .  Except as provided in § 1116(3), any extension of time to file schedules, statements, and other documents required under this rule may be granted only on motion for cause shown and on notice to the United States trustee, any committee elected under § 705 or appointed under § 1102 of the

Code, trustee, examiner, or other party as the court may
direct.   Notice of an extension shall be given to the
United States trustee and to any committee, trustee, or
other party as the court may direct.

Rule 1007(c) thus provides both that the court "may, at any time

and in its discretion, enlarge the time to file the statement

required by subdivision (b)(7)" and that, with an exception of no

relevance, "any extension of time to file schedules, statements,

*and other documents required under this rule* may be granted only

on motion for cause shown and on notice to the United States

trustee, any committee elected under § 705 or appointed under

§ 1102 of the Code, trustee, examiner, or other party as the

court may direct."  (Emphasis added).  A Rule 1007(b)(7)(A)

statement is one of the "other documents required under [Rule

1007]."

The rule's authorization for the court "at any time and in

its discretion" to grant an extension to file a Rule 1007(b)(7)

statement in particular is an exception to the general

requirement of a motion showing cause for an extension to file

other documents.  This is made evident by the 2008 Advisory

Committee Note to Rule 1007:

The amendment allows the court to enlarge the deadline
for the debtor to file the statement of completion.
Because no party is harmed by the enlargement, no
specific restriction is placed on the court's discretion
to enlarge the deadline, even after its expiration.

The observation in the Advisory Committee Note "that no

party is harmed by the enlargement" of time to file a Rule

10

1007(b)(7)(A) statement obviously addresses the extension of that

deadline in an open case, not the extension of that deadline

incident to a motion to reopen a case that was closed long ago.

Parties *can* be harmed by the enlargement of time to file the Rule

1007(b)(7)(A) statement if the enlargement is granted after a

long time has passed since the closing of the bankruptcy case

without the filing of the statement and, therefore, without entry

of a discharge.

While a case is open and no discharge has been entered, the

automatic stay of 11 U.S.C. § 362(a) generally remains in place

to protect a debtor against collection of prepetition debts.[6]

Creditors holding claims against the debtor thus usually are not

free to pursue collection and are not harmed by an extension of

the deadline for the debtor to file a Rule 1007(b)(7)(A)

statement.  In contrast, when a case has been closed without

entry of a discharge and the automatic stay thereby has been

terminated, creditors who thereafter pursue collection of debts

against the debtor and incur expenses in doing so could be harmed

by the court, on the debtor's motion, reopening the case years

later to allow the debtor to obtain a discharge: despite the

---

[6]  On rare occasions, the automatic stay terminates in a
case after 30 days pursuant to 11 U.S.C. § 362(c)(3) or does not
arise at all pursuant to 11 U.S.C. § 362(c)(4).  But in most
cases, as in this case, collection of prepetition debts from the
debtor remains stayed under § 362(a) until the case is closed or
the debtor receives a discharge.

creditors' efforts and expenses incurred, the creditors will be
barred from collecting their debts by the newly granted
discharge.

For these reasons, after a case is closed, and especially
where the case has been closed for an extended period of time, if
a debtor wishes to reopen his or her case for the purposes of
filing a Rule 1007(b)(7)(A) statement in order to receive a
discharge, this court, in the exercise of its discretion,
requires the debtor to file a motion to reopen that includes a
motion to enlarge the deadline for filing a Rule 1007(b)(7)(A)
statement that demonstrates grounds for the court to do so.  In
the case of a motion to reopen filed more than two years after a
case was closed, the court would abuse its discretion if the
court were not to require the filing of a motion showing cause
for an extension of time for the debtor to take the action he or
she intends to pursue by way of the motion to reopen.  In this
case, while the court can grant an enlargement of time to file a
Rule 1007(b)(7)(A) statement at any time in its discretion under
Rule 1007(c) without requiring the debtor to file a motion to
enlarge time, in light of the debtor's extremely long delay in
seeking to reopen the case in order to file a Rule 1007(b)(7)(A)
statement and receive a discharge, it would be an abuse of the
court's discretion to grant the debtor's motion without requiring

the debtor to file of a motion showing cause for granting an extension of time to file the Rule 1007(b)(7)(A) statement.[7]

In some cases, when a party files a motion to reopen it is inappropriate to simultaneously pursue the matter that the movant seeks to pursue in the reopened case.  For example, this is the case when a party moves to reopen a case to file an adversary proceeding complaint or a paper commencing a Fed. R. Bankr. P. 9014 contested matter.  In such cases, the court should spare other parties from defending against such a matter until the movant shows that the matter has sufficient possible merit to warrant reopening the case and allowing pursuit of the matter in the reopened case.  The court acts as a gatekeeper, barring reopening of a case when the matter that the movant seeks to

---

[7]  The court would not abuse its discretion in granting an extension of time to file a Rule 1007(b)(7)(A) statement without requiring the debtor to file a motion addressing cause for the court to do so only when a debtor's motion to reopen a case (in order to file a Rule 1007(b)(7)(A) statement and receive a discharge) is filed relatively soon after the closing of the case.  *See In re Moore*, No. 14-00248, 2015 WL 6125310, at *1 n.1 (Bankr. D.D.C. Oct. 16, 2015) (noting that "provided the motion is filed within a reasonable period of time after the closing of the case, the court can simply reopen the case, enter the discharge order, and close the case anew").

pursue (and sets forth only as a proposed matter to be pursued)
plainly would be denied.[8]

However, when the matter being pursued is an enlargement of
the time to file a Rule 1007(b)(7)(A) statement on a completed
Official Form B 423, it makes sense for the debtor to include the
request for such relief as part of the motion to reopen instead
of requiring the debtor to pursue such relief only after the case
is reopened.  That is because the issue of reopening necessarily
depends on whether cause is shown for enlarging the time to file
the required Rule 1007(b)(7)(A) statement, and the views of other
parties on whether such cause exists can assist the court in
evaluating the motion to reopen.  Thus, the court will deny the
debtor's motion to reopen if it is not amended within 21 days to
include a motion for an extension of the deadline for filing a

---

[8]    *See In re Henneghan*, No. 12-00637, 2017 WL 6610870, at *3
(Bankr. D.D.C. Dec. 27, 2017) (holding that "any further motion
to reopen to pursue civil contempt sanctions against Pepco must
include as an exhibit the proposed motion to hold Pepco in civil
contempt that the debtor wishes to pursue if the case is
reopened, and that proposed motion must include detailed,
non-conclusory detailed allegations of fact establishing [civil
contempt])."  *See also In re Witaschek*, No. 13-00019, 2018 WL
1386695, at *2 (Bankr. D.D.C. Mar. 16, 2018) (ordering a debtor
to file an amended motion to reopen showing in non-conclusory
fashion that a violation of the automatic stay occurred that
warranted reopening the case to permit pursuit of a motion to
recover sanctions for violation of the automatic stay); *In re
Wilson*, No. 14-00664, 2018 WL 1036762, at *3 n.5 (Bankr. D.D.C.
Feb. 21, 2018) (noting that the debtor should not have pursued a
motion to contempt until the case was reopened and that the
proper procedure was to file a motion to reopen the case with the
motion for contempt either attached as an exhibit or referenced
within the motion to reopen as an impending motion).

Rule 1007(b)(7)(A) statement or a demonstration of sufficient cause to extend the deadline.

> **2.  For Cause to Exist to Extend the Deadline to File a Rule 1007(b)(7)(A) Statement Where the Debtor Failed for Over Two Years to File the Required Statement, the Debtor's Delay Must Be Due to Excusable Neglect.**

Ordinarily, when an extension of time is sought after a deadline has expired, Fed. R. Bankr. P. 9006(b)(1) provides that the court may, on motion, grant an extension only "where the failure to act was the result of excusable neglect." However, Fed. R. Bankr. P. 9006(b)(3) provides that "the court may enlarge the time to file the statement required under Rule 1007(b)(7) . . . only to the extent and under the conditions stated in Rule 1007(c)." As already addressed, Rule 1007(c) permits the court to enlarge the time to file the Rule 1007(b)(7) statement at any time within the exercise of the court's discretion, without the necessity of a motion to extend the deadline, and without the necessity of a showing of cause for an extension.

Nevertheless, when a debtor seeks to reopen a case and file a Rule 1007(b)(7)(A) statement more than two years after the debtor's case was closed, the court, in the exercise of its discretion, will require the debtor to establish cause to reopen the case for that purpose, and require a showing of excusable neglect for the late filing of the Rule 1007(b)(7)(A) statement in order to establish such cause. A number of decisions have

15

addressed the issue of cause for reopening a case to permit the belated filing of a Rule 1007(b)(7)(A) statement.  I will not attempt to canvass all of the various tests, but I note that the tests courts have adopted generally reflect an attempt to fit within an analysis of "excusable neglect"[9] when the motion to reopen is filed long after the closing of the case.

The Supreme Court addressed the issue of "excusable neglect" under Rule 9006(b)(1) in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993).  *Pioneer* dealt with a motion to enlarge the time to file a proof of claim.  The Supreme Court, in considering a request by a creditor to file a claim despite the expiration of the bar date for filing claims, analyzed the application of the "excusable neglect" standard, describing a test for demonstrating excusable neglect in that context.  507 U.S. at 395.

---

[9] One test employed by some courts consists of four factors: "(1) whether there is a reasonable explanation for the failure to comply; (2) whether the request was timely; (3) whether fault lies with counsel; and (4) whether creditors are prejudiced." *In re Lockhart*, 582 B.R. 1, 4 (Bankr. E.D. Mich. 2018). *See also In re Johnson*, 500 B.R. 594, 597 (Bankr. D. Minn. 2013). Similarly, *In re Villarroel*, No. 07-14084-RGM, 2008 WL 2518713, at *2 (Bankr. E.D. Va. June 20, 2008), sets forth this test: "The debtor must have a reasonable excuse for not having taken the course timely.  Counsel must have a reasonable excuse for not following up.  There can be no prejudice to creditors.  The relief must be timely requested.  Unless all four requirements are met, a motion to reopen will not be granted."

Here, the context is a debtor's motion to enlarge the Rule 1007(c) deadline for complying with Rule 1007(b)(7)(A). Applying the *Pioneer* test to this context, it may be appropriate to evaluate (1) the danger of prejudice to creditors, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the debtor, and (4) whether the debtor acted in good faith.[10] *Id.* The Court noted in *Pioneer*, *id.* at 396, that a client must be held accountable for the acts and omissions of the client's attorney. Accordingly, the proper focus is upon whether the neglect of the debtor and the debtor's counsel was excusable. *See Pioneer*, 507 U.S. at 397.

The debtor's motion fails to address adequately the issue of excusable neglect under the *Pioneer* test. As to the first *Pioneer* factor, the motion has not addressed the issue of the danger of prejudice to creditors. Examples of prejudice to creditors include the risk that, after the passage of almost three years, a creditor's address may have changed, and the

_____

[10] According to some decisions, another factor for consideration is whether the delay has frustrated the intended purpose of conditioning receipt of a discharge on completing the financial management course: to ensure that debtors become educated regarding financial management so they can avoid bankruptcy in the future. *See In re Heinbuch*, No. 06-60670, 2016 WL 1417913, at *3-4 (Bankr. N.D. Ohio April 7, 2016). I note, however, that the statute itself does not set forth a deadline for completing the course, and arguably, taking the intended purpose of the requirement into account, it is better that the debtor take the course late rather than never.

creditor might therefore not learn of the motion and any ensuing discharge;[11] and the possibility that, relying on the closing of the case without entry of a discharge, creditors have proceeded to pursue collection (or have prepared to pursue collection) and in doing so have incurred costs.[12]

As to the second *Pioneer* factor, the motion fails to address the debtor's two-year delay in completing the required course (waiting until November 14, 2017, after the case was closed on September 29, 2015) and its potential impact on judicial proceedings.  As to the third *Pioneer* factor, in failing to address the two-year delay in taking the required course, the motion offers no reason for that delay and does not address whether it was within the reasonable control of the debtor to take the course in a timely fashion.  The motion to reopen addresses only the eight-month delay in filing a motion to reopen after completing the course (filing the motion with the certificate on July 18, 2018, after the debtor completed the

---

[11]   *See In re Chrisman*, No. 09-30662, 2016 WL 4447251, at *3 (Bankr. N.D. Ohio Aug. 22, 2016) ("The docket shows that court has now been receiving returned mail from many of [the holders of the 59 claims filed in the case], when it did not when the case was open or immediately after initial closure.  To spring a discharge on creditors more than seven years later that many of them will now not even receive, at peril of violating that unknown discharge, is simply unfair.").  The clerk in this case has not sent mail to creditors since the closing of the case.

[12]   It is sometimes not readily ascertainable what steps creditors may have taken to pursue collection of outstanding debts.

required course on November 14, 2017), and not the delay in
failing to complete the required course.[13]  As to the fourth
*Pioneer* factor, in failing to address the two-year delay in
taking the required course, the motion fails to address the issue
of whether, despite his failure to complete the required course
for two years, the debtor proceeded in good faith.[14]

I do not opine as to whether it would be possible for the
debtor to obtain an extension of time to file a Rule
1007(b)(7)(A) statement if he were to attempt to correct these

---

[13] The debtor's explanation for the eight-month delay
leaves a lot to be desired.  An Official Form B 423 signed by the
debtor was required, yet for eight months none appears to have
been signed.  Moreover, the motion fails to show that it was not
within the reasonable control of the debtor to avoid such a
delay.  Even if the debtor innocently, mistakenly believed that
the course provider would supply a certificate to his attorney
and that a discharge would flow from that, the debtor would have
received notice of a discharge once one was entered.  When the
debtor failed to receive such a notice, alarm bells should have
gone off in the debtor's head.  The debtor's cavalier failure to
follow up as to whether a discharge was being granted does not
speak well of the debtor.

[14] Fault lying with counsel does not alone demonstrate the
good faith of the debtor or suffice to establish cause to allow
the debtor an extension of time to file his Rule 1007(b)(7)
statement.  As *Pioneer* teaches, a debtor can be held accountable
for the acts and omissions of the debtor's attorney, especially
if creditors have been harmed by such acts or omissions.
However, if the fault lies with counsel alone and the debtor did
everything within his power to comply with his obligations, that
would be pertinent to the issue of the debtor's good faith (one
of the *Pioneer* factors).  Regardless, the motion to reopen filed
by the debtor in this case offers no explanation for his own two
year delay in completing the required course and does not
demonstrate any fault of the debtor's counsel in the failure of
the debtor to move to reopen the case for eight months after
completing the course.

19

deficiencies in his motion, and I leave it to the debtor to decide whether to attempt to persuade the court that an extension is appropriate.  Sometimes such a motion is granted even though the debtor delayed in seeking to reopen the case for years.  *See In re Rising*, No. 07-50123, 2015 WL 393416, at *3 (Bankr. M.D.N.C. Jan. 8, 2015).  However, it appears that more frequently such motions are denied when the debtor has delayed for years.  The debtor's motion fails to include a recitation of facts establishing excusable neglect, and does not even attempt to set forth cause for allowing compliance with Rule 1007(b)(7)(A) at this late date.  However, the debtor has paid the fee for reopening the case, and I will therefore allow the debtor 21 days to file an amended motion to reopen that includes a request to extend the time to file the statement required by Fed. R. Bankr. P. 1007(b)(7).

### C.  Failure to Give Proper Notice to Creditors of the Opportunity to Oppose the Motion

Because creditors would be affected by the debtor's receipt of a discharge, they are entitled to be heard regarding the debtor's request, at this late date, to reopen the case and to enlarge the time to comply with Rule 1007(b)(7)(A) in order to file the requisite statement and obtain a discharge.  In order for creditors to have an opportunity to be heard, the creditors must receive notice of an opportunity to oppose the debtor's motion.

Local Bankruptcy Rule 9013-1(b)(3) provides the requirements
for notices of opportunity to object related to motions
commencing contested matters.  Ordinarily, LBR 9013-
1(b)(3)(E)(ii)(III) dispenses with the requirement of LBR 9013-
1(b)(3) notice of the opportunity to oppose a debtor's motion "to
reopen the case in order to file a financial management
certificate and obtain issuance of a discharge[.]"  Dispensing
with regular LBR 9013-1(b)(3) notice rules makes sense when the
motion to reopen is filed before or shortly after the case was
closed.  When, as here, the motion to reopen is filed years after
the case was closed, there is a substantial danger of prejudice
to creditors, and they should have the opportunity to be heard on
the motion and therefore must receive proper notice.  In that
circumstance, the court will require that the debtor serve on
creditors and other interested parties a notice of the 17-day
opportunity to oppose the motion as required by LBR 9013-1(b)(3).
Thus, in order for the court to grant the debtor's motion to
reopen, the debtor must give proper notice to his creditors.[15]

---

[15]  Even if no creditor opposes reopening the case and
enlarging the deadline for the debtor to file a Rule
1007(b)(7)(A) statement, that would not by itself establish that
there is no risk that creditors have been prejudiced.

IV

It is thus

ORDERED that the debtor's motion to reopen will be denied

unless, within 21 days after the entry of this order, the debtor

files an amended motion to reopen that includes a motion to

extend the deadline under Fed. R. Bankr. P. 1007(c) to file a

Rule 1007(b)(7)(A) statement, addressing the issue of excusable

neglect, as well as a notice (as under LBR 9013-1(b)(3))

notifying creditors and the United States Trustee of the

opportunity to oppose the amended motion.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Office of United States
Trustee.