The document below is hereby signed.

Signed: September 27, 2018



_S. Martin Teel, Jr._
_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| WILLIAM MCKINNEY, | ) | Case No. 15-00309 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DIRECTING DEBTOR
TO SUPPLEMENT MOTION TO EXTEND TIME TO FILE FORM B423,
ENLARGING THE TIME FOR CREDITORS TO OPPOSE BOTH THAT MOTION
AND THE DEBTOR'S AMENDED MOTION TO REOPEN, AND SETTING A HEARING

The court's *Memorandum Decision and Order re Motion to Reopen* (entered on August 21, 2018),[1] discussed at length the issues regarding whether a case should be reopened to permit the debtor belatedly to file an Official Form B423 in order to obtain a discharge. In response thereto, the debtor filed a *Amended Motion to Reopen Chapter 7 Case and [for] Entry of an Order of Discharge* (Dkt. No. 24) accompanied by a separately filed *Motion to Extend Time to File Form B423* (Dkt. No. 25), seeking to extend the time to file a Rule 1007(b)(7)(A) statement (Official Form

---

[1] That *Memorandum Decision and Order* was not sent to creditors but is available on the court's website at:

http://www.dcb.uscourts.gov/opinions-decisions

B423, formerly Official Form B23). Unless the *Motion to Extend Time* can be granted, there is no reason to reopen the case.

The *Motion to Extend Time* leaves it a mystery as to why the debtor, after the passage of more than two years, finally decided to complete a course concerning personal financial management in order to be eligible for a discharge. What was it that triggered him to do so?

Moreover, the motion to extend time states as to two of the *Pioneer* factors:

> 7. The first prong is to evaluate the danger of prejudice to creditors. At the time of filing, all but one of debtor's creditors, was in the general unsecured class. Debtor at this time and since the time of the closing of the case, is entitled to a complete discharge of his debts. There are no extenuating circumstances that would have prevented him from receiving a discharge. Therefore, there is no prejudice to any of his creditors.
>
> 8. The second prong is to evaluate the length of time and its potential delay of judicial proceedings. Three years has elapsed since the prescribed time for filing of Official Form 23. At the time of filing, there were no open or pending legal proceedings against debtor. The instant case has been closed with no action since 2015. Debtor argues that accordingly, no judicial proceeding has been delayed or prevented as a result of the time delay.

The above-quoted paragraph 7 fails to address the danger of prejudice to creditors by failing to set forth a full history of what actions creditors took after the closing of the case. Did any creditors file actions to reduce their claims to judgment? Did any creditors obtain writs of garnishment? Did any creditors hire an attorney or collection agency to explore collection of

2

their claims?  Did any creditor already have a judgment and attempt to collect the judgment?  Did any creditors (or anyone on their behalf) make any other type of effort towards receiving payment of their claims?  In short, what acts did creditors take regarding their claims?  Without such a detailed recitation of what acts creditors took after the closing of the case, it is impossible to assess whether there has been prejudice to creditors or a danger of prejudice to creditors.

The above-quoted paragraph 8 indicates that the case was closed "with no action since 2015" but does not make clear what the term "action" means, for example, whether it limited to proceedings within the bankruptcy case and whether it includes various creditors' acts (*e.g.*, hiring an attorney to send dunning letters) that would bear on the issue of prejudice to creditors.

It is thus

ORDERED that within 17 days after entry of this *Memorandum Decision and Order*, the debtor shall file and serve on creditors a supplementation of his *Motion to Extend Time to File Form B423* (Dkt. No. 25) to provide detailed information as set forth in this *Memorandum Decision and Order*.  It is further

ORDERED that the time for creditors to oppose the *Amended Motion to Reopen Chapter 7 Case and [for] Entry of an Order of Discharge* (Dkt. No. 24) and *Motion to Extend Time to File Form B423* (Dkt. No. 25) is enlarged to 17 days after the debtor files

a supplementation of the *Motion to Extend Time to File Form B423* (Dkt. No. 25), and the debtor shall include notice of that deadline when it files and serves the supplementation.  It is further

ORDERED that an evidentiary hearing on the *Motion to Extend Time to File Form B423* (Dkt. No. 25) will be held on November 15, 2018, at 10:30 a.m., if the court deems it warranted, including addressing the debtor's reasons for seeking a discharge over two years after the case was closed, and any prejudice to creditors should a discharge be granted.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Office of United States Trustee; all entities on BNC mailing list.